CHARLES CLEGHORN, plaintiff in error, vs. A. S. RUTHERFORD, receiver, &c. defendant in error.

A writ of error, to reverse a judgment, directing pleadings to be amended or a defendant in equity to answer over, is not entitled to much favor.

Where the answer of a defendant in equity is not full and complete, and that too, to the best of his knowledge, information and belief, he should be required to answer over.

In equity, in Muscogee county, May Term, 1858, Judge E. H. WORRILL, presiding.

Cleghorn, one of the defendants, filed an answer to complainant's bill; complainant filed twelve exceptions thereto. The Court sustained eleven of the exceptions, and ordered Cleghorn to answer over fully on a day in said Term, to which judgment of the Court, Cleghorn excepted.

WELLBORN, JOHNSON & SLOAN, for plaintiff in error.

WM. DOUGHERTY, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Without stopping to point out the insufficiency in the answer of the defendant, or so much and such portions thereof, as are excepted to, we affirm generally the judgment of the Court, ordering the defendant to answer over. His answer should be full and complete, touching every matter and thing about which discovery is sought in the bill; and that too, to the best of his knowledge, information and belief. The co-defendants complied with the order of the Court, and filed their amended answers. Mr. Cleghorn should have done likewise. Cases like this, should meet with but little favor or encouragement. They delay justice, if they are not intended to thwart it.

I sincerely trust that another Legislature will not meet and adjourn, without prohibiting peremptorily a writ of error from being prosecuted to reverse a judgment, to amend pleadings, either at law or in equity; or requiring of a defendant in equity a full and complete answer.

Judgment affirmed.